## CITY OF ROCK ISLAND
### v.
## GEORGE WAGNER.

*Municipal Corporations—Management of Water Works—Power of City Councils—Unjust Enforcement of Valid Ordinance—Remedy of Injured Party—Equity Jurisdiction.*

1. Under the statute of this State, city councils have full authority to make and enforce all needful regulations in the management of water works and collecting water rates from consumers.

2. Where an injustice complained of results, not from any wrong inherent in an ordinance, but from the inequitable method of enforcing that ordinance, in that the ordinance is strictly enforced against complainant but not against others in the same class, no ground is afforded for interference by a court of equity to restrain the enforcement of the ordinance against the complainant.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

City of Rock Island v. Wagner.

Mr. JOSEPH L. HAAS, for appellant.

Mr. IRA O. WILKINSON, for appellee.

Mr. JUSTICE HARKER.    This was a bill filed by appellee, the proprietor of a brewery, to enjoin the city of Rock Island from cutting off the water supplied to his establishment through the water works of the city, and to test the validity of certain ordinances relating to such water works. A demurrer to the bill was overruled, and on appellant electing to stand by its demurrer, a decree was rendered perpetually restraining the city from enforcing its claim against appellee for water furnished him after May 1, 1889, and from shutting off from appellee's brewery the water supplied from the water works.

From the bill it appears that appellee had for seventeen years been a large consumer of water in his business; that up to May 1, 1889, he had paid annually in the way of water rates, under ordinances then in force, from $500 to $525; that by virtue of an amended ordinance, which went into force on May 1, 1889, the consumers of water were divided into three classes—small consumers, large consumers and intermediate consumers.    Small consumers were to pay so much for a room, a residence, an office, etc.    Large consumers were to pay a meter rate per quarter, according to the quantity used.    They included railroads, breweries, livery stables, etc.    Intermediate consumers were those operating small laundries, dye works, etc., who were to pay estimated meter rates, according to the consumption of water.    Appellee had three mains running into his establishment, to each of which a meter was connected.    He avers in his bill that while there were from sixty to seventy large consumers besides himself, there were meters placed in only seven establishments; that the other large consumers paid a contract rate and not a meter rate; that under the contract rates so fixed there was but a slight increase, while under the meter rate in his case there was an increase of five hundred or six hundred per cent of what had been paid before the

new ordinance went into effect. Our statute gives full authority to city councils to make and enforce all needful regulations in the management of water works and collecting water rates from consumers. Sec. 314, Ch. 24, Starr & Curtis' Stat. Ordinances passed under this statutory authority will be sustained, unless it clearly appears to the court that they are unreasonable or oppressive.

We are unable to see anything in the ordinance under consideration unreasonable, oppressive or unauthorized by law. By it the city council ordered meters to be placed in the establishments of all large consumers and fixed the water rates. The superintendent of water works was intrusted with placing the meters, and with carrying out the provisions of the ordinance relating thereto. The alleged injustice suffered by appellee resulted not from any wrong inherent in the ordinance itself, but rather from the unfair and discriminating manner of enforcement by the city's officer. Appellee's main cause of complaint is that meters have been placed with but few of the large consumers, and that by reason thereof he is compelled to pay a rate out of proportion with that paid by consumers of the same class, with whom meters have not been placed. It is no ground of relief in equity, as against appellant, that it has not enforced the ordinance against others as strictly as it has against appellee. He is only interested in that particular in the same light as other citizens and tax payers of the city—not as a debtor of the city. There may be some ground for a mandatory writ to compel the enforcement of the ordinance against other large consumers, but no dereliction of duty of the superintendent in that regard will allow appellee to escape payment of what is due from him under the ordinance by way of injunction.

It is a familiar rule of equity jurisprudence that a court of equity will not interfere in the administration of municipal affairs and restrain cities from enforcing their ordinances unless to prevent irreparable injury. Facts and circumstances must be alleged from which it may be seen that irreparable mischief will be the result of the act com-

plained of, and that the law affords the party no adequate remedy. It does not appear from the bill that irreparable injury would result to appellee from an enforcement of the ordinance. He may refuse to pay the rates required of him under the new ordinance, and if the city wrongfully shuts off his water supply may sue for damages; or he can pay under protest, and then recover back on showing that the levy and collection of it was illegal. Cooley on Taxation, 814, 815; Bradford v. City of Chicago, 25 Ill. 411; Kimball v. Conn. Exchange Bank, 1 Ill. App. 209.

We are of the opinion, therefore, that the bill of complaint presented no sufficient grounds for equitable relief. The demurrer should have been sustained. The decree will be reversed and the cause remanded, with directions to the Circuit Court to sustain the demurrer to dissolve the injunction and dismiss the bill.

*Reversed and remanded with directions.*