## Village of Riverton, Appellee, v. F. G. Horn, Appellant.

1. LICENSES—*validity of ordinance.* An ordinance the subject-matter of which is within the control of a city or village will not be declared void because unreasonable or oppressive unless the presumption in favor of its validity is overcome by clear proof.

2. LICENSES—*billposters.* An ordinance requiring billposters to pay a license fee bears personally on those actually doing the posting and in determining the question whether it is oppressive or unreasonable the income of the posting employee of a corporation engaged in the business, and not that of the corporation, is to be considered.

Appeal from the Circuit Court of Sangamon county; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

E. E. BONE, for appellant.

STEVENS & HERNDON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

F. G. Horn was arrested in the Village of Riverton, under a warrant issued by a justice, for posting bills without a license in violation of an ordinance of the village, which required billposters to pay an annual fee of fifty dollars. From the judgment before the justice, an appeal was taken to the circuit court, where the case was tried by the court without a jury, on a stipulation of facts. The defendant was found guilty and a fine of fifteen dollars was assessed against him. He appeals to this court.

The stipulation is that the ordinance be admitted in evidence subject to the objection that it is null and void for the reason it is unreasonable, oppressive, and prohibitive; that F. G. Horn on September 26, 1910, and for more than a year prior thereto, was employed by, and posted bills for, the W. J. Horn Posting-Sign

System, a corporation doing a general advertising business for others for hire, with its principal office in the City of Springfield; that the said corporation had prior to September 26, 1910, constructed nine billboards on private property in the Village of River- ton, which it had leased from the owners for a valuable consideration; that said billboards were ten feet in height and the total number of lineal feet of the nine billboards amounted to two hundred and twenty- six feet; that part of said billboards was erected on the property line; that F. G. Horn under the direction of the W. J. Horn Posting-Sign System on September 26, 1910, did stand upon and at the side of the street, and post advertising matter for said company in the Village of Riverton, on some of said billboards with- out either said corporation or the defendant procur- ing a license to post bills as required by the ordi- nance; that the defendant was arrested for posting bills as aforesaid without a license; that the expense to the Village of Riverton for issuing such license for inspection and for supervision of said billboards did not exceed ten dollars per annum; that the Vil- lage of Riverton had a population of 1911; that the annual net income of the W. J. Horn Posting-Sign System derived from all its business done in River- ton from September 26, 1909, to September 26, 1910, amounted to $34.87, not including the wages of the employee who posted said advertising matter; that for the preceding year the net income of said cor- poration not including the wages of the employee who did the posting was $34.57; that said corporation has posted and distributed advertising matter in Riverton for its customers for several years for hire; that the said corporation during each year it has done busi- ness in Riverton has made reasonable effort to pro- cure advertising matter for posting, and that the de- mand for the display and distribution of advertising matter in said village was not sufficient to enable it, in the exercise of reasonable diligence, to fill all the

space on said billboards.  An itemized account of the expenses and receipts of the W. J. Horn Posting-Sign System in the Village of Riverton for the said two years is attached to and made a part of the stipulation.

The ordinance requires any person, firm or corporation, engaged in a business required by ordinance to be licensed to register his or its name, residence, business and where it is carried on with the village clerk.  It imposes a fine of not less than five dollars nor more than two hundred dollars for carrying on any business required to be licensed without first having obtained a license, and ordains that "billposters shall pay a license fee of fifty dollars per annum."

The appellant submitted a proposition of law asking the court to hold that the ordinance in question is unreasonable, oppressive, and prohibitive in its character and therefore void.  This the court refused to hold.

The only question in the case is whether or not the court erred in refusing to hold said ordinance to be void.

The stipulation is concerning the annual net income of the W. J. Horn Posting-Sign System from its billboards in Riverton, and that the defendant on September 26, 1911, did some posting of advertising matter for it.  The stipulation contains nothing concerning the income or profits of the defendant from billposting.  It makes no reference to the income of the employee of the corporation from billposting in the Village of Riverton.  The itemized account of the receipts and expenses contains nothing concerning the compensation paid to any employee, but only refers to income and expenses other than wages connected with billboards of a corporation that is not a defendant.  The ordinance in evidence does not license billboards, but only billposters.  The corporation apparently rents its space and the advertisers pay the employee for posting.  The defendant, who did the

posting, may do posting for other parties, and his billposting in Riverton was not necessarily confined to the billboards of the W. J. Horn Posting-Sign System. There is neither anything in the stipulation, nor any evidence tending to prove the reasonableness or unreasonableness of the license fee charged for billposting.

The Village of Riverton has the right to license street advertising by means of billboards, signboards, and signs, and to regulate the character and control the location of such billboards, signboards, and signs. Laws of 1909, page 139. An ordinance, the subject-matter of which is within the control of cities and villages, will not be declared void because of a claim that the ordinance is unreasonable or oppressive, unless it clearly appears that it is such. The presumption is in favor of the validity of ordinances and it is incumbent on those attacking their validity to show such invalidity. People v. Cregier, 138 Ill. 401; City of Rock Island v. Wagner, 45 Ill. App. 444. The stipulation failing to show that the ordinance is unreasonable so far as the business of the defendant is concerned, the court did not err in its holding. The judgment is affirmed.

*Affirmed.*