Castles, Liquidator, vs. City et als.

No. 11,348.

J. W. CASTLES, LIQUIDATOR, VS. CITY OF NEW ORLEANS ET ALS.

In the assessing of the shares of stock under Sec. 27 of Act. 106 of 1890, it is no ground for annulling the assessment when the list of shareholders appear in a different part of the assessment book from that in which the assessment is first noted, if there has been a substantial compliance with the law in assessing the shares to each stockholder.

The assessment book may not be conveniently and artistically arranged, but this does not injure the bank, as it is only the agent of the shareholders for paying the tax.

PPEAL from the Civil District Court, Parish of Orleans.

*King, J.*

---

*Farrar, Jonas & Kruttschnitt* Attorneys for Plaintiff and Appellee.

The shares of a national bank must be assessed to the shareholders and not to the bank, and an assessment made of such shares *in globo* to the bank is null and void, and in contravention of the statutes of the State, and the statutes of the United States. Revised St. U. S., Sec. 5219; Revenue Act of 1890; Board of Liquidation vs. Thoman, 42 An. 606; Insurance Company vs. Board of Assessors, 42 An. 1132; Miller vs. The First National Bank, 25 Am. and Eng. Corp. Cases, 289; City of Springfield vs. First National Bank, 14 Am. and Eng. Corp. Cases, 342; Morse on Banks and Banking, Vol. 2, Part 2, Sec. 141, and authorities there cited.

A pencil memorandum containing the list of the shareholders of a bank in the back of the assessment roll, not conected therewith by any memorandum or reference, not included in the aggregate footings of the assessments of each district, not described by any district or locality or square, is not a part of the legal assessment roll.  Albany City Bank vs. Maher, 6 Fed. Rep. 417.

If such assessment is no part of the assessment roll, and there is, in the proper place in the assessment roll, an assessment of all the stock of the bank *in globo* to the bank, and such assessment is void, the bank is not estopped by having made application to reduce the amount of such assessment.

---

*E. A. O'Sullivan*, City Attorney, and *Horace L. Dufour*, Assistant City Attorney, for Defendants and Appellants:

The assessment complained of is legal and valid, and in accordance with the statute. Sec. 27 of Act 106 of 1890.

Plaintiff is estopped by its conduct from urging the invalidity or illegality of the assessment, having recognized its legality and validity by making application for correction on grounds other than those urged in the petition, which are now advanced for the first time.

The objections urged against the assessment come too late, plaintiff having failed to make application for relief to the board of assessors or committee of the council on the grounds urged in the petition. These prerequisites are sacramental conditions precedent to obtaining relief. 32 An. 160; 34 An. 372; 39 An. 208; 41 An. 1047; 43 An. 813.

Under Act 96 of 1877, which applies to the city, twenty per cent. damages should be granted in dissolving injunctions of this kind. Sec. 55, Act 96 of 1877; Succession of Stewart, 41 An. 130.

———

The opinion of the court was delivered by

McENERY, J. The plaintiff, liquidator of the late Southern National Bank, instituted this suit to restrain the city of New Orleans from collecting a tax of ten thousand two hundred and eight dollars, assessed against the shareholders of said bank.

The averments in plaintiff's petition are that, under the laws of the United States and the laws of the State of Louisiana, the assessment should have been against the shareholders individually and by name, showing the amount of taxes due by each shareholder, and to deduct the same from the interest of the shareholder in the bank; that the Board of Assessors in making the assessment violate the laws of the United States and of this State, as they made the assessment for five hundred and ten thousand four hundred dollars against the shareholders in block and against the Southern National Bank for account of the shareholders.

The city answered by a general denial and prayed for the dissolution of the injunction, with statutory damages.

There was judgment for plaintiff as prayed for. The city appealed,

Sec. 27 of Act 106 of 1890, under which said assessment was made, is as follows: " That no assessment shall hereafter be made under that name, of the capital stock of any national bank, State

bank, banking firms or banking associations, whose capital stock is represented by shares, but the shares shall be assessed at their actual value as shown by the books of the bank, or banks, to the shareholders who appear as such upon the books, regardless of any transfer not registered or entered upon the books; and it shall be the duty of the president, or other officer, to furnish to the assessor a complete list of those who are borne upon the books as shareholders; and all taxes assessed shall be paid by the bank, company, firm association or corporation, which shall be entitled to collect the amount from the shareholders or their transferees." * * * *

On page 24 of the assessment book the shares are assessed:

" Southern National Bank, square 227, Varieties and Gravier street; No. of shares, 500.000; value of each share, $102.08; total value of shares, $510,400."

On the bottom of the page are memoranda showing by what process of calculation the value of each share was ascertained.

On page 124 of the book is a " List of shareholders of the Southern National Bank." This is followed by the name of each shareholder, with the number of shares owned by him, the value of each share and the total value of all the shares owned by him, assessed to him and opposite his name in the appropriate columns.

The shares, therefore, are not assessed to the bank in block, but to the individual shareholders.

The book, or volume 1, is the assessment roll, on which the assessment of the shares is entered. The roll is an entirety, and the assessment of the shares does not appear on a list separate or apart from the roll.

Mechanically, the assessment roll might have been more artistic, and somewhat more convenient, by arranging the list of shareholders on page 24, immediately following the memoranda of "shareholders of the Southern National Bank," and the tabulated statement following, instead of preceding this list. But it is not apparent how or in what manner the bank has suffered injury by this arrangement.

The assessment is a substantial compliance with the law, and although on the book there is no extended space for the insertion of the tax against each shareholder, yet the value of the share is the basis for the apportionment of the tax on the shares on the tax roll.

The omission of the tax on the assessment roll will not increase the tax when extended on the tax roll; and, as the mere agent of

the shareholders, for paying the tax, the bank's interest in the mere mechanical arrangement of the assessment is very remote.'

We do not find, however, in Act 106 of 1890 any provision making it the duty of the assessor to extend, in a separate column, the tax assessed against the property. This is done on the tax roll.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the injunction sued out herein be dissolved and set aside, without damages, plaintiff to pay costs of appeal.