MERCHANTS STATE BANK OF VELVA, NORTH DAKOTA, a Domestic Corporation, v. COUNTY OF McHENRY in the state of North Dakota, S. O. Sampson, as Sheriff of McHenry County, North Dakota, and Sam Kota, as Treasurer of McHenry County, North Dakota.

(153 N. W. 386.)

**State banks — capital stock — surplus — reserve funds — undivided profits — loans and discounts — banking furniture and fixtures — not taxable to bank as personal property — collection of taxes — action to enjoin.**

Action to enjoin collection of a tax levied against a state bank upon its shares of capital stock. *Held,*

1. The capital stock, surplus, reserve funds, undivided profits, loans and discounts, banking furniture and fixtures not real estate, and all strictly banking utilities, are not taxable to the bank, nor at all, as items of personalty, but of and to the shareholders, apportioned on a per share valuation.

**Capital stock — shares of — taxation of — bank not subject to — assessed to shareholders.**

2. A bank is not subject to taxation for the value of its shares of capital stock. Instead, assessment and levy should be made upon the value of the shares determined under § 2115, Comp. Laws 1913, and in the name of and against its respective shareholders.

**Bank stock — shares — assessment and levy against bank void.**

3. The purported assessment and tax levied thereon against the bank for the aggregate value of its bank shares is void.

**Collection of — injunction to prevent — equitable relief — not proper remedy.**

4. Such a void tax cannot be canceled and its collection enjoined by a

---

Note.—There is a considerable conflict of authority as to whether an injunction will lie to restrain the collection of illegal taxes. The general doctrine is that it will not, and the case above is in accord with that rule. The subject receives a complete discussion, with authorities carefully collated on both sides, in note in 22 L.R.A. 699. See also note in 69 Am. Dec. 198.

suit in equity, unless there also exists some generally recognized head of equitable jurisdiction entitling the court to administer equitable relief.

**Banks — void tax — payment of — injury — action at law for recovery back.**
    5. No irreparable injury can result to plaintiffs from enforced collection of this void tax, as it may sue to recover it back, and therefore has an adequate relief at law.

**Banks — action to enjoin collection of void tax — multiplicity of suits — equitable jurisdiction — will not lie.**
    6. As no action at law will lie against the bank by its shareholders upon its being compelled to pay the void tax, no multiplicity of suits can arise to confer equitable jurisdiction. Equitable relief is denied and this action ordered dismissed.

Opinion filed June 9, 1915.

From a judgment of the District Court of McHenry County; *Burr,* J., canceling the tax and staying its collection, defendants appeal.
Reversed and dismissed.

*John Thorpe,* State's Attorney of McHenry county, and *George E. Wallace,* of and for the State Tax Commission; *J. H. Ulsrud* and *D. J. O'Connell,* for appellants.
*Palda, Aaker, & Greene,* for respondent.

Goss, J. This is an action to enjoin collection of a tax levied against a state bank upon its shares of capital stock. Cancelation of the tax is sought. The complaint alleges that the bank delivered to the assessor a statement verified by the cashier showing its capital stock, surplus, reserve fund, and undivided profits "in excess of 5 per cent of its loans and discounts," and the names and residences of its stockholders, together with the number of shares of stock owned by each shareholder. That the assessor "did assess the capital stock of said plaintiff bank in the sum of $4,806; that upon said assessment there was levied a tax against the plaintiff of $310.95, which became due and payable on December 1, 1911. . . . That said assessment was made contrary to law and the tax levied thereon is void and illegal; that the plaintiff has refused and still refuses to pay said tax." That distraint of plaintiff's property is threatened. That unless enjoined, collection will be made to plaintiff's irreparable injury, for which there

will be no adequate remedy at law. A general demurrer was interposed, which was overruled, with leave given to answer. None was served, and later, on proof submitted, a judgment by default was rendered canceling the tax. Defendant appeals, assigning error upon the conclusions of law and the overruling of the demurrer. The state tax commission also appeared with counsel on the argument, and requested that the law governing assessment of banks and bank stock be declared and settled. Questions necessarily presented are: (1) Whether a tax is valid when levied upon an assessment of bank shares in one aggregate amount and against the bank instead of upon the value of the shares and against each shareholder named as owner. (2) What is the method of assessment of bank stock as contemplated by statute? (3) Although the tax be invalid, whether equitable relief from its collection should be awarded.

For purposes of taxation, the bank and its stockholders are separate individuals. The bank is not taxed upon its strictly bank personalty holdings. Instead, the total value of its capital stock is determined and prorated, and the tax is levied against the shares in the names of the respective individual shareholders. A majority of the states proceed likewise in taxing banks. First Nat. Bank v. Kentucky, 9 Wall. 353, 19 L. ed. 701, and lengthy note in 58 L.R.A. 513, and notes in 45 L.R.A. 737, and 3 L.R.A.(N.S.) 584. Bank real estate is taxable as such, and when owned by the bank is taxed to it as owner. Likewise personalty owned by a bank, and not properly a part of its banking assets and banking business, is taxable to it as owner. But its capital, surplus, reserve, undivided profits, loans and discounts, banking furniture and fixtures not real estate, and all such strictly banking utilities and banking agencies, are taxable as the personal property not of and to the bank, but of and to the shareholders, and determined and apportioned upon a per share valuation.

The authorization of and chartering of national banks involves Federal finance, an instrument of Federal government, and is a matter solely within congressional control. As the right to tax necessarily carries with it the power to destroy, it has always been held that the states do not possess the power to directly or indirectly tax national banks, their business or franchises. M'Culloch v. Maryland, 4 Wheat. 316, 4 L. ed. 579; First Nat. Bank v. Kentucky, supra. The national

banking act, however, permits the states to tax shareholders upon the value of national bank shares owned by them, under restrictions guarantying them against excessive, unfair, and unjust taxation. Thus the provisions of § 2115, Comp. Laws 1913, authorizing taxing of shareholders upon the value of shares owned by them, instead of taxing the bank *in solido,* purposely draws a distinction between the bank and its shares and its shareholders. For taxation purposes shareholders in state and national banks are on an identical basis. See notes in 3 L.R.A.(N.S.) 584, 45 L.R.A. 737; and 58 L.R.A. 513. The distinction between the bank and shareholders is well drawn in Re First Nat. Bank, 25 N. D. 635, page 640, L.R.A.1915C, 386, 146 N. W. 1064, as follows: "It proceeds upon the theory that the bank and its shareholders are one. . . . The shareholders pay no tax upon the real estate. That is the property of the bank. The shareholders and the bank are as distinct for purposes of taxation as separate individuals."

Assuming that these bank shares represent property of an assessable value for taxation purposes, the assessment and tax attempted to be levied thereon *in solido* against the bank violates both the letter and spirit of our taxing laws. Comp. Laws 1913, § 2115. The assessment and the tax levied thereon should have been against the shareholders for and upon the value of their respective shares. The bank as an entity is not subject to taxation for the value of its capital stock represented by shares. The alleged tax is void in law. Farmers' & T. Bank v. Hoffman, 93 Iowa, 119, 61 N. W. 418; Kimball v. Corn Exch. Nat. Bank, 1 Ill. App. 209, both on all fours with this case.

But invalidity alone is insufficient to warrant equitable relief from collection of the alleged tax. See authorities collated in Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, L.R.A.1916A, —, 153 N. W. 454. Besides establishing the tax to be void, plaintiff must bring itself within some generally recognized head of equitable jurisdiction to entitle it to equitable relief. It has recognized this necessity, and urges that relief should be granted to avoid its irreparable injury; to prevent a multiplicity of suits being brought against it by its shareholders; and that it has no adequate legal remedy should relief be denied. No irreparable injury can result from enforced collection of this void tax. It has an adequate remedy at law to recover any illegal

tax paid under and because of actual distraint. St. Anthony & D. Elevator Co. v. Bottineau County (St. Anthony & D. Elevator Co. v. Soucie), 10 N. D. 346, 50 L.R.A. 262, 83 N. W. 212, and Bismarck Water Supply Co. v. Barnes, supra.

There can be no multiplicity of suits against plaintiff by its stockholders to recover of it because of any void tax so paid. Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11 N. D. 107, 111, 90 N. W. 260. Relief in equity has been denied stockholders seeking to defeat collection of a tax when levied against the bank *in solido* instead of against individual stockholders; First Nat. Bank v. Chehalis County, 6 Wash. 64, 32 Pac. 1051, affirmed in 166 U. S. 440, 41 L. ed. 1069, 17 Sup. Ct. Rep. 629; State, North Ward Nat. Bank Prosecutors, v. Newark, 39 N. J. L. 380; Castles v. New Orleans, 46 La. Ann. 542, 15 So. 199. But it must not be assumed that if the bank pays this tax it is subject to an action at law by its stockholders to recover such payment. There is no such resulting liability. Stockholders have no direct pecuniary interest in the nonpayment of this void tax, different from a stockholder's interest in any unwarranted or extravagant expense or disbursement made by a corporation. Because the bank may waste its funds does not entitle its stockholders to compel a further waste by distribution to them of its assets while it is an existing and going business concern. While a bank is a trustee of its funds for its stockholders, they individually have no interest cognizable in law in the nonpayment of this void tax. Under certain circumstances equity would intervene on their petition as against the taxing power or against the bank's officers, as illustrated by Cummings v. Merchants' Nat. Bank, 101 U. S. 153, 25 L. ed. 903, and Dodge v. Woolsey, 18 How. 331, 15 L. ed. 401; but not as against the bank, unless by an action in the nature of an accounting. If this void tax be paid, the stockholders have no right by an action at law to further mulct it in damages, because of such disbursement. There is no basis upon which to predicate a claim that a liability to a multiplicity of suits exists. There is no ground for equitable interference.

As this tax is void the county will be responsible in damages for its enforced collection. Equity will leave the plaintiff to pursue such fully adequate legal remedy.

It will not be assumed, however, that the county will persist in

enforcing collection of this illegal tax in the face of this adjudication of its invalidity.

No other questions are presented necessary to decision. The judgment appealed from is ordered set aside, and a judgment of dismissal directed to be entered.

CHRISTIANSON, J., did not participate, BUTTZ, District Judge, sitting in his stead.