WARD COUNTY, a Political Corporation, and A. S. Spicher, as Sheriff of Ward County, North Dakota, Appellants, v. L. R. BAIRD, as Receiver of the American State Bank of Burlington, Burlington, North Dakota, Respondent.

WARD COUNTY, a Political Corporation, and A. S. Spicher, as Sheriff of Ward County, North Dakota, Appellants, v. L. R. BAIRD, as Receiver of the State Bank of Berthold, Berthold, North Dakota, Respondent.

(215 N. W. 163.)

**Banks and banking — taxation — tax on stockholders' stock of banks.**

1. Section 2115, Compiled Laws, 1913, as amended by chapters 61, Sess. Laws 1917 and 299, Sess. Laws 1923, relating to the taxation of banks and loan and trust companies, contemplates a tax on shares of stock belonging to the stockholders and not a tax on capital stock or assets, the property of the corporation.

**Banks and banking — taxation — assessment of stock.**

2. Paragraph 5 of § 2115, Compiled Laws 1913, as amended by chapters 61, Sess. Laws 1917 and 299, Sess. Laws 1923, providing that any solvent bank or loan and trust company may, upon written request of its cashier or other officer, have the amount of the assessment against its stockholders contemplated by § 2115, as amended, assessed against the bank or loan and trust company in its corporate name and that the tax thereon may be paid as other expenses of the bank or loan and trust company are paid, was enacted for the convenience of the bank and its stockholders in paying the tax and in aid of the taxing authorities in collecting it, by enabling the bank to act as the voluntary agent of the stockholders for the purpose of paying the tax, and does not contemplate that the tax so assessed shall be a tax against the capital stock or assets of the corporation.

**Taxation — banks and banking — collection of taxes on stock of banks and loan companies.**

3. Section 2117, Compiled Laws 1913, was enacted to afford a method and means whereby the collection of taxes assessed under § 2115 might be insured; and the lien for such taxes therein created against the dividends, the capital stock and the assets of the bank is a lien upon only the dividends, capital stock and assets belonging to the stockholders thereof, that is, upon the distributable assets of the bank.

**Banks and banking — collection of taxes on bank stock — payment by bank.**

4. Where a bank pursuant to the provisions of ¶ 5 of § 2115, Compiled Laws, 1913, as amended, voluntarily assumes to act as the agent for its stockholders for the purpose of paying their taxes, the obligation thereby arising to pay such taxes is limited to the distributable assets that it may hold belonging to the stockholders, and if the bank becomes insolvent and there are no distributable assets, collection of such taxes cannot be enforced against the receiver of the bank or out of the assets in his hands.

Opinion filed August 18, 1927.

Banks and Banking, 7 C. J. § 524 p. 744 n. 87 New. Taxation, 37 Cyc. p. 827 n. 33, 35, 37; p. 828 n. 41; p. 830 n. 60; p. 832 n. 74; p. 833 n. 75; p. 834 n. 78; p. 1141 n. 15 New.

Appeals from the District Court of Burleigh County, *Cooley,* Special J.

Two actions against the receiver of insolvent banking corporations to enforce the collection of taxes assessed on shares of stock in such corporations prior to their insolvency. The receiver demurred to the com-

plaints. The demurrers were sustained and judgments of dismissal entered. Plaintiffs appealed.

Affirmed in both cases.

*T. H. Thoresen, C. J. Lynch (H. E. Johnson, B. A. Dickinson,* and *R. H. Bosard* of counsel), for appellants.

"The states have no power by taxation or otherwise to retard, impede, or burden or in any manner control the operation of the constitutional laws of Congress to carry into execution the powers of the general government." McCullough v. Maryland, 4 Wheat. 415.

"The bank is not absolutely liable for the taxes upon the shares, but to render it liable, it must be shown that it has or has had dividends or other money or property belonging to the delinquent shareholders." Farmers' & Traders Nat. Bank v. Hoffman (Iowa) 61 N. W. 418; 110 N. Y. 250, 1 L.R.A. 260.

"The claim of the state for the payment of taxes is paramount to the claim of any other person against the property taxed or its proceeds in the hands of the receiver." Gray v. Logan County, 7 Okla. 321.

*Zuger & Tillotson,* for respondent.

The tax on the shares is one against the stockholders although it is collected through the corporation. Union Trust Co. v. State, 81 Atl. 875.

The taxes upon shares of stock of a state bank, assessed against the bank, are not a lien on the general assets and property of the bank in the hands of the bank commissioner who has taken all the assets of such bank for the benefit of the depositor's guaranty fund. Walcott v. McCarroll (Okla.) 213 Pac. 296.

NUESSLE, J. These actions were brought by the plaintiffs to collect certain taxes claimed to be due the county of Ward from the American State Bank of Burlington, Burlington, North Dakota, a domestic banking corporation, and the State Bank of Berthold, Berthold, North Dakota, a domestic banking corporation, and L. R. Baird as receiver of said banks. The complaints in the two cases are identical, excepting that a recovery for taxes for the year 1924 is sought in the Berthold bank case in addition to the taxes for the other years. The issues in the two cases are identical and arose in exactly the same manner. The cases were submitted together in this court and a decision in one is

conclusive in the other. For convenience this opinion will deal only with the American State Bank of Burlington case.

The complaint sets forth that Ward county is a political corporation and that the plaintiff Spicher is the sheriff thereof; that the defendant Baird is the receiver of the American State Bank of Burlington, an insolvent state banking corporation; that in the years 1920, 1921, 1922 and 1923 assessments were made against the bank stock of the American State Bank of Burlington and taxes were thereafter levied thereunder; that the bank conformably to § 2115, Comp. Laws 1913, as amended, and pursuant to resolution of the board of directors thereof, requested that the amounts of the assessments against said shares be assessed against the bank in its corporate name; that in accordance with this request such assessments were assessed and taxes levied against the bank in its corporate name; that said taxes so assessed became due and are now unpaid; that after the said assessments were made and taxes levied the bank became insolvent; that the defendant Baird is the receiver of the said bank; that plaintiffs made proof of claim to the defendant receiver for said taxes and that the said receiver wholly rejected said claim; and the plaintiffs pray judgment against the defendant for the amount of the taxes with interest thereon and that the same be paid as a preferred claim out of the assets in the hands of the receiver. To this complaint the defendant demurred on the ground that it fails to state facts sufficient to constitute a cause of action. The district court sustained the demurrer. Plaintiffs stood upon their complaint and judgment was entered against them. From the order sustaining the demurrer and from the judgment entered thereon the plaintiffs now appeal.

The questions presented on this appeal are as to whether the plaintiffs have any claim on account of the taxes in question as against the defendant receiver, and, if they have, whether such claim is preferred and entitled to priority over other claims against the insolvent bank.

A determination of the questions as presented involves a consideration of § 2115, Comp. Laws 1913, as amended by chapter 61, Sess. Laws 1917 and chapter 299, Sess. Laws 1923 and of § 2117, Comp. Laws 1913. Section 2115, as amended, provides how, where, and at what valuation shares of bank stock, both state and national, shall be listed for assessment and assessed. This section provides that shares of stock

55 N. Dak.—43.

of banks, both state and national, shall be assessed to the individual stockholders or owners at the place where the bank is located, having regard to their ownership and value on the first day of April of each year. It further prescribes the manner of determination of the value of such stock and provides for deductions on account of real estate and other property. It provides that such determination of value shall be made by the state tax commissioner who shall assess such stock and certify the assessment to the county auditor of the county wherein the bank is located.

Paragraph 5 of the section then provides: "The county auditor shall compute the net taxable value of each share of stock in any bank . . . and shall multiply such value by the number of shares held by each individual stockholder and enter such assessment against the individual stockholder; provided that any solvent bank or loan and trust company may, upon written request of its cashier or other officer, have the amount of the assessment herein provided for against its stockholders assessed against the bank or loan and trust company in its corporate name and the taxes thereon may be paid as other expenses of the bank or loan and trust company are paid. The shares of capital stock in banks or loan and trust companies, not located in this state, but owned in this state, shall not be required to be listed under this article."

Section 2117, Comp. Laws, 1913, provides: "To secure the payment of taxes on bank stock or banking capital, it shall be the duty of every bank, or managing officer or officers thereof, to retain so much of any dividend or dividends belonging to such stockholders or owners as shall be necessary to pay any taxes levied upon their shares of stock or interest respectively, and the amount of such taxes shall be a lien on the dividends, the capital stock and the assets of the bank, and until it shall be made to appear to the county treasurer or to such bank or its officers that such taxes have been paid, any officer, or any such bank who shall pay over or authorize the paying over of any such dividend or a portion thereof, contrary to the provisions of this section, shall thereby become liable for such tax; and if the said tax shall not be paid, the county treasurer where said bank is located shall sell such shares or interest to pay the same, like other personal property; and in case of sale the provisions of law in regard to the transfer of stock when sold on execution shall apply to such sale."

The plaintiffs contend that under these statutes the American State Bank of Burlington having requested that the taxes be assessed against the bank in its corporate name, such taxes thereby became taxes against the bank rather than against the shareholders; that under § 2117, supra, the state had a lien for such taxes on the assets of the bank; that such lien attached prior to the insolvency of the bank and, therefore, the receiver took over such assets subject thereto; that pursuant to §§ 2171 and 2186, Comp. Laws 1913, such lien is a first lien, superior to any and all other claims; that, in any event, when after appropriate action by its board of directors the bank requested the amount of the assess-. ment against its stockholders to be assessed against the bank in its corporate name and the assessment was so made pursuant to this request, there resulted what amounted to a contract with the taxing authorities and thereby they acquired a valid contractual claim against the bank for the amount of the taxes in question.

On the other hand, the defendant contends that any taxes that may have been assessed and levied were taxes against the shareholders on account of their shares and not taxes against the bank; that the provision embodied in ¶ 5 of § 2115, as amended, heretofore quoted, was simply a means devised for the convenience of the taxing authorities and the bank to collect the taxes from the several shareholders; that the request to have the assessment made against it amounted in effect merely to a voluntary offer on the part of the bank to act as the agent of the stockholders to pay such taxes; that the lien which the taxing authorities had for such taxes under § 2117 continued to the same effect as before the enactment of the amendment to § 2115; that such lien attached only to dividends or other property that might be in the hands of the bank belonging to the several shareholders and not to the general assets of the bank, that is, that it was a lien only on the distributable assets that were in or might come into the hands of the bank; that the complaint does not allege that there were any dividends or other property in the hands of the receiver belonging to the several shareholders or that there would be any distributable assets; that therefore the complaint fails to state facts sufficient to constitute a cause of action.

The instant case is concerned only with the matter of the taxation of state banks. Nevertheless, the statute must be considered in relation to the taxation of national banks as well, in order to ascertain its intent

and purpose, for it contemplates the taxation of shares of stock, both of national and state banks, and draws no distinction between the two.

National banks are instrumentalities of the Federal government. The states have no power to tax them or their shareholders except as expressly authorized by act of Congress. State ex rel. Farmers State Bank v. Wallace, 48 N. D. 803, 187 N. W. 726; Merchants State Bank v. McHenry County, 31 N. D. 108, 153 N. W. 386; Owensboro Nat. Bank v. Owensboro, 173 U. S. 664, 43 L. ed. 850, 19 Sup. Ct. Rep. 537; First Nat. Bank v. Adams, 258 U. S. 362, 66 L. ed. 661, 42 Sup. Ct. Rep. 323; First Nat. Bank v. Anderson, 269 U. S. 341, 70 L. ed. 295, 46 Sup. Ct. Rep. 135. Section 5219, U. S. Revised Statutes ". . . is the measure of the power of a state to tax national banks, their property or their franchises. By its unambiguous provisions the power is confined to a taxation of the shares of stock in the names of the shareholders and to an assessment of the real estate of the bank. Any state tax therefore which is in excess of and not in conformity to these requirements is void." Owensboro Nat. Bank v. Owensboro, 173 U. S. 664, 43 L. ed. 850, 19 Sup. Ct. Rep. 537. There is a recognized distinction between a bank and its shareholders for purposes of taxation. For such purposes they are separate individuals. Re First Nat. Bank, 25 N. D. 635, L.R.A.1915C, 386, 146 N. W. 1064; Merchants State Bank v. McHenry County, 31 N. D. 108, 153 N. W. 386. Section 5219, U. S. Revised Statutes takes account of this distinction in granting to the states the power to tax the property and shares of national banks. First Nat. Bank v. Owensboro, supra.

While Congress thus limited the power of the states with respect to the taxation of national banks it did not prescribe the mode in which any tax that might be imposed should be collected. See First Nat. Bank v. Kentucky, 9 Wall. 353, 19 L. ed. 701; First Nat. Bank v. Chehalis County, 166 U. S. 440, 41 L. ed. 1069, 17 Sup. Ct. Rep. 629. So various methods have been adopted by the several states to tax shares of stock of national banks and enforce the collection of the tax. As is said in State v. Security Nat. Bank, 143 Minn. 408, 173 N. W. 885: "In some states, the tax is levied, in form, in the name of the stockholder. . . . In some, in the name of the bank. . . . In some, the provision is simply for taxation of the shares of stock. . . . In all of these cases the result is the same. It is in substance

a tax against the stockholders on account of the ownership of the stock, and the bank is constituted a tax collector to collect the tax from the stockholders."

In this state the legislature has consistently recognized the limitations upon its taxing powers with respect to national banks. It has also consistently endeavored to treat state and national banks alike for purposes of taxation. Section 1184, Revised Codes of 1895, the first state enactment touching the taxation of banks, expressly provided that shares of stock in state and national banks should be taxed to the owners thereof in the same manner and on the same basis, and made the banks the agents of their shareholders for the purpose of paying such taxes as might be imposed. Under this statute banks were authorized to retain any dividends and were given a lien upon the shares of stock of their stockholders to indemnify them for any taxes so paid. This statute was repealed by chapter 126, Sess. Laws 1897. But the same enactment substituted paragraph 26 thereof (Comp. Laws 1913, § 2115) in lieu of the original statute. This new statute did not change materially the manner and method of assessing the tax, but did omit the provision whereby banks were made the agents of their stockholders to pay the taxes levied against their shares with a lien for any payment that might be made. Under section 2115 as thus enacted, taxes could be assessed only against the stockholders on the shares owned by them and an assessment against the bank *in solido* for the amount of its shares was void. Merchants State Bank v. McHenry County, supra.

But chapter 126, having by the repeal of § 1184 wiped out the means therein provided for the collection of the taxes, did not leave the taxing authorities remediless. Paragraph 28 thereof, now known as § 2117, Comp. Laws 1913, hereinbefore quoted, provided the method and means whereby collection was insured.

Now in view of the meaning and effect of § 2115 it seems clear that the provision of § 2117, whereby the county was given a lien for the amount of the taxes levied against any stockholder on account of his shares, upon the dividends, capital stock, and assets of the bank, must contemplate a lien upon the dividends, capital stock, and assets of the bank belonging to such stockholder; that is, upon the distributable assets of the bank. The tax is against the stockholder and not against the bank, and resort for payment thereof is to the property of the stock-

holder and not to that of the bank.   To construe the section otherwise would necessitate a disregard of the distinction between banks and their stockholders heretofore referred to, and would, in so far as it applies to national banks, render the statute void as being an attempt to exercise power in excess of that granted by § 5219, U. S. Revised Statutes.

This was the state of the law at the time that § 2115 was amended by chapters 61, Sess. Laws 1917 and 299, Sess. Laws 1923, whereby it was provided that the amount of the assessment against its stockholders might, upon request of the bank, be assessed against it in its corporate name.   Of course it is our duty to so construe the statute, if reasonably possible, as to render it a valid enactment.   We must assume that the legislature in passing this enactment did so, having in mind its limitations under the Federal statute with respect to the taxation of national banks.   We must also assume that the legislature sought to observe the requirements of § 176 of the Constitution of North Dakota as to uniformity of taxation of property of the same class.   Now the amended statute makes no distinction between national and state banks.   The assessment in either case must be against the stockholders unless the bank requests otherwise.   When requested "the amount of the assessment against the stockholder" shall be assessed against the bank in its corporate name.   The assessment is on the stock and not on the property of the bank.   The amount of the assessment is to be determined in the same manner and is the same whether the assessment is against the stockholder or, on request, against the bank.   Section 2117 applies only where the assessment is against the stockholder on his interest or shares, and there is no other statute affording similar specific protection and relief to the taxing authorities where the tax is against the bank.   So we cannot escape the conclusion that when § 2115 was thus amended the legislature did not intend to depart from a policy which had been so long and so consistently followed and tax banks upon their capital rather than the shares or interest of their stockholders.   On the contrary, we think it plain that the amendment was intended to operate for the convenience of the stockholders in paying their taxes and in aid of the taxing authorities in collecting them, by enabling the banks to act as the voluntary agents of their stockholders for the purpose of paying taxes.   In this connection see State v. Security Nat. Bank, 139 Minn. 162, 166 N. W. 1067.

There remains then the question as to whether where a bank thus voluntarily undertakes to become the agent of its stockholders for the payment of taxes, such taxes are a charge against the assets of the bank—it having become insolvent—in the hands of the receiver thereof when there are no distributable assets. In considering this question it must be remembered, first, that the statute provides that such payment shall be made by the bank as other expenses of the bank are paid and contemplates there are distributable assets. The statute uses the word "solvent" when designating banks that may thus become agents of their stockholders. It must also be remembered that the statute contemplates, that state and national banks shall be treated alike in this respect, and so it becomes necessary to again consider the limitations of the legislature with respect to the taxation of national banks. A state may require the tax on shares of a national bank to be paid by the bank in the first instance, but this is on the theory that the bank will collect the tax from the shareholders or deduct it from the dividends. And the holding is that where subsequent to the levy of such a tax a national bank becomes insolvent and goes into the hands of a receiver, payment of the tax cannot be enforced against the receiver nor against the assets in his hands as such. See Stapylton v. Thaggard, 33 C. C. A. 353, 62 U. S. App. 638, 91 Fed. 93; Boston v. Beal, 5 C. C. A. 26, 5 U. S. App. 253, 55 Fed. 26. Where the question had arisen with respect to state banks under similar statutes a like rule has been followed. See Hewitt v. Traders' Bank, 18 Wash. 326, 51 Pac. 468; Walcott v. McCarroll, 88 Okla. 279, 213 Pac. 296. So both reason and authority require us to hold that the obligation of a bank, voluntarily acting under the statute here in question as agent of its stockholders to pay the taxes on their stock, is limited to the amount of the distributable assets that the bank may hold belonging to the stockholders. And if there be no distributable assets, collection of the taxes cannot be enforced against the receiver of the bank or out of assets in his hands.

Now, in the instant case, the complaint alleges that the American State Bank of Burlington is insolvent and there is no allegation that its receiver has in his hands any dividends or other property belonging or that will belong to the shareholders of the bank. There is no allegation that there are or will be any distributable assets. It follows then that since there never was any obligation on the part of the bank

to pay any taxes on account of its shares of stock, except out of its distributable assets, the plaintiffs have no valid claim against the receiver. Their remedy, if any they have, is against the individual stockholders.

The demurrers were properly sustained and the judgment of dismissal entered in each of the above entitled cases must be affirmed.

BIRDZELL, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.