BANCO POPULAR DE PUERTO RICO, ETC., Plaintiff and Appellee, *v.* FRANCISCO A. RAMÍREZ VEGA, ACTING TREASURER OF PUERTO RICO, ET AL., Defendants and Appellants.

No. 8001. Argued April 17, 1940.—Decided November 14, 1940.

*George A. Malcolm, Attorney General (B. Fernández García, former Attorney General,* on the·brief), and *M. Rodríguez Ramos, Deputy Attorney General,* for appellants. *Monserrat, De la Haba & Monserrat,* for appellee.

Mʀ. Jᴜsᴛɪᴄᴇ Woʟꜰ delivered the opinion of the court.

The Banco Popular de Puerto Rico, liquidator of the Banco Territorial y Agrícola de Puerto Rico, filed a petition for injunction in the District Court of San Juan, seeking to enjoin Ramírez Vega, Acting Treasurer, from selling at auction a certain property to collect taxes thereon.

The court issued a restraining order and after a hearing, a preliminary injunction. Before trial, the parties submitted a stipulation, wherein they recited the facts of the case and the various questions of law raised by them. The issues are all at law.

The facts as stated by the district court in its opinion are as follows:

"In 1928 the Heirs of Ramón H. Delgado were owners of the property described in the complaint which was mortgaged in that same year to the Banco Territorial y Agrícola to secure a note for $10,000. The mortgage debt, on May 4, 1937, showed a balance in

favor of the mortgagee, of $16,000 including interest. The property owed the taxes imposed thereon since 1928, and to collect the nine years owing, the Treasurer attached it and was ready to sell it at auction when the plaintiff, liquidator of the Banco Territorial & Agrícola de Puerto Rico filed this petition of injunction against the Treasurer and the Collector of Internal Revenue of San Juan to prevent the sale, charging therefor that the People only had a lien upon said property for the last three years and the current one, which the plaintiff tried to pay, but which he was prevented from doing because the Treasurer refused to receive payment unless made for the total amount due on the nine years.''

The plaintiff raised the following issues:

''1. That the legal mortgage in favor of the Government for taxes owing to the public treasury, binds third parties only in regard to the taxes for three years and the current one, this being the sole amount which the Treasurer of Puerto Rico can recover with priority over any other lien which from the registry may appear to have been created previous to the attachment to secure the payment of the taxes to the treasury.

''2. That the defendant can only recover with preference three years of taxes and the current one, from the plaintiff who is a third party, according to the provisions of the Mortgage Law in force.

''3. That the administrative distraint proceedings which the defendant has instituted to collect the nine years of accrued taxes is in reality a foreclosure of the legal mortgage in favor of the State.

''4. That the attempt to collect the nine years of taxes aforesaid constitutes a manifest prejudice to the plaintiff in this suit and in the aforesaid suit of foreclosure, the amounts demanded being in excess of that recognized by law as preferred.

''5. That the real estate to be sold at public auction by the State in its effort to collect said taxes as a prior lien to the mortgage credit, in violation of the direct provision of the law, are not worth sufficient to justify the payment of the nine years of accrued taxes by the mortgagee.

''6. That by an auction sale and insisting on collecting the nine years of taxes accrued, the defendant would infringe the rights established by law to protect the interest of the plaintiff.

''7. That none of the defendants is authorized by law to collect from the plaintiff as taxes in this case any amount over three years and the current one, and that should such acts be allowed to the de-

fendants, irreparable damages would be caused to the plaintiff and he would be forced to file a number of suits and actions to protect his interests, thus depriving him of his property without due process of law.

"8. That the defendants have ample opportunity to defend their rights within the foreclosure proceeding, filed by the plaintiff and of which they were notified, thus preserving their rights.

"9. That if by virtue of the auction sale, the properties should be transferred to the hands of a third party, the plaintiff would be forced to maintain a number of actions and a multiplicity of suits before the courts of justice in order to settle the questions in issue, to the point that, because in the tax-sale announcements the amount which could be recovered in the distraint proceeding to the prejudice of a third party was not stated with clarity and preciseness, other innocent parties would be bound to maintain actions and suits before the courts of justice, should this Court allow the acts which the defendants intend to perform by the sale at auction of the aforesaid property.

"10. That given the circumstances attending this case, and the stated facts, the irreparable damage that the plaintiff will suffer and the number of suits in which he would be involved, and not having an adequate, speedy and effective remedy at law to prevent the defendant from performing the acts and infractions of the laws in force, depriving the plaintiff of his property without due process of law, in contravention of our Organic Act and the Constitution of the United States of America, he resorts to the present extraordinary remedy of injunction."

The defendants raised the following questions:

"1. That the Treasurer of Puerto Rico is authorized to collect all the tax receipts and taxes accrued and that it is not a bar therefor that a prior lien may appear to have been created before the attachment to secure taxes; that to that purpose there is no third party who can allege prejudice, and that even if such third party exists, whether he be prejudiced or not, his existence is no bar to prevent the Treasurer of Puerto Rico from proceeding to collect the taxes in their entirety.

"2. That while the properties are in the hands and the possession of the taxpayer, there is no prejudice to a third party in the recovery of all the accrued taxes, not even if it includes more than three and the current years.

"3. That even when the value of the properties which are to be sold at auction in distraint proceedings is less than the amount sought to be recovered in the foreclosure proceedings, as in this case, the mortgagor, the mortgagee or any other person who intends to make said payment in his stead with the intention of settling the debt has the duty of paying all the amount owed by the taxpayer (in this case nine years of taxes accrued.)

"4. That the law in this case establishes no right to protect the rights which the plaintiff claims.

"5. That the recovery that the Treasurer tries to make is not greater than what the law secures to the prejudice of the plaintiff.

"6. That there are no irreparable damages in prejudice of the plaintiff and that even if there are, the same would be the result of a perfectly valid and legal recovery.

"7. That instead of being forced to a series of actions and suits, the plaintiff could adequately protect his interests by filing one suit to recover taxes paid under protest.

"8. That the collection that the Treasurer attempts is in perfect accord with the due process of law to which the plaintiff has a right.

"9. That the defendants have no opportunity of defending their rights and interests within the foreclosure proceeding, because once the properties are auctioned off to pay the mortgage, the purchaser thereof would be bound only to pay the taxes of three years and the current one, while outside the foreclosure, the property belongs to the taxpayer and the Treasurer has a right to proceed against all his properties to recover all the taxes accrued and the person who in the name and place of the taxpayer intends to discharge the debt, is bound to pay it in its entirety.

"10. That the tax sale announcements published by the Government have all the clarity and all the information that the law requires and that the persons interested in the tax sale have at their reach with perfect ease all the necessary information about said tax sale.

"11. That the clarity and completeness of the information supplied to those interested, and the ease with which they can be obtained, would not permit anyone to be led to error, and, in consequence, to be involved in the suits referred to by plaintiff.

"12. That if any damage should exist it would not be irreparable but according to law the plaintiff could recover for it.

"13. That all the acts of the defendants in this case are completely legal and constitutional.

"14. That as a special defense, the defendants allege that the facts of this case are not sufficient cause to allow the court to issue the writ of injunction prayed for."

The court decided that the People of Puerto Rico had a preferential lien as to the three prior years and the current one; that however, the mortgage had a preference over the other taxes; that the other taxes became a personal debt of the heirs of Delgado; and that the mortgagee had no duty to pay these taxes to free its mortgage from a previous lien; that the only duty of the mortgagee, to make its mortgage a first lien was to pay four years of taxes; and granted the injunction on condition that the bank paid into court the amount of taxes owing for those four years. The Treasurer was allowed to sell the property at auction to collect the taxes in arrears, subject to the mortgage. The court said this case was similar to *Durlach Bros., Inc.* v. *Treasurer*, 47 P.R.R. 617, in that the legality of the tax was not being attacked, but the point raised that the taxes should be paid by another; and also cited *Bank of Valley City* v. *Kelly,* 162 N.W. 901, as a similar case. The court also considered that the mortgage was a property right which would be destroyed or diminished by the acts of the Treasurer, and which should be protected by the court.

The defendants appeal and assign six errors.

The first three, which are discussed together, are:

"1. Dismissing the demurrer filed by the defendants.

"2. Deciding that the recovery that the defendants tried to make was illegal.

"3. Deciding that the plaintiff lacked an adequate remedy at law."

The defendants accept that courts may issue writs of injunction to prevent the collection of taxes, in special cases; but allege that this is not one of those cases, because:

1. The tax was legal.
2. There was no irreparable damage to the petitioner.
3. He had an ordinary remedy at law.

Before going into the discussion of the issues raised, it would be well to consider that the petitioner is not seeking to enjoin the Treasurer from absolutely collecting the tax. He does not claim that the tax is illegal or unconstitutional, or that it has been wrongly assessed. What the petitioner is trying to do is to prevent the Treasurer from collecting the tax in such a manner that his mortgage right is prejudiced.

The position of the Treasurer is that he can attach property to collect taxes and sell it at auction, as long as it belongs to the taxpayer. The Treasurer assumes that the limit of three years and the current one prevails only when the property has been transferred to a purchaser or mortgagee.

The law on the matter says:

Political Code, section 315: (as far as pertinent)

". . . The tax that is assessed for the current fiscal year, and for the three prior fiscal years, against each piece or parcel of real property, including any improvements that may be thereon, or that may be subsequently placed thereon, shall constitute the first lien thereon and shall be prior to all other liens whatsoever on said property, whether the said liens attach before or after the lien of said taxes; . . ."

Civil Code, section 1824 (par. 1):

"With regard to certain real property and rights on realty of the debtor, the following shall have preference:

"1. Credits in favor of The People of Porto Rico or (to) the corresponding municipality with regard to the property of the taxpayers for the amounts of the last three annual assessments and the current annual assessment, unpaid, of the taxes which burden the same."

Section 1, Act No. 14 of August 24, 1933, Special Session, page 76:

"With the exception of the taxes on the encumbered property for three years and for the current year, mortgage credits and crop loans are hereby declared to be liens having preference over any other charge or lien for taxes or for any other cause."

Under these statutes, it is imperative to conclude that the liens on the property are in the following order:

(1) Three years of taxes and the current one:

(2) The mortgage in favor of the Banco Territorial.

(3) Any other taxes in arrears.

The attempted sale would make the lien which has been put in the third place, ascend to second, and would deprive the mortgagee of a right granted to it by the laws of Puerto Rico. It would be forced to pay taxes owing by somebody else, namely, the heirs of Delgado. These taxes are a personal obligation of the Delgado estate. *Martínez* v. *Sancho,* 53 P.R.R. 527. The doctrine stated in *Durlach Bros., Inc.* v. *Treasurer, supra,* squarely fits this case, and the facts as stated sufficiently make out a "special case" to warrant the issuance of a writ under that authority.

■ It is necessary to consider whether the petitioner had a remedy at law. The Treasurer claims it should have paid under protest.

If the petitioner had done so, it would have been unable to recover the amounts paid, because the tax was legal, and was really owed by the Estate of Delgado. This court has said in *Franceschi* v. *Treasurer,* 47 P.R.R. 445: "The statutory action for the recovery of taxes paid under protest is not available to a mortgagee as a remedy for the protection of his superior liens from the results of a possible, threatened or impending sale of the mortgaged property for taxes in case such sale should not be made subject to the mortgage lien." (P. 448.)

In the course of its opinion the court mentioned the case of *Fajardo Sugar Co.* v. *Domenech,* 45 P.R.R. 539. In that case the Treasurer attached a certain property to recover personal taxes owed by the owner. The Fajardo Sugar Co. owned a mortgage on the property and asked for an injunction, on the ground that the taxes, being personal, had no preference over the mortgage. The injunction was denied,

and this court affirmed the judgment on the ground that the mortgage had preference, and therefore the sale should be made subject to the mortgage.

After the current and last three years taxes are paid, the previous years of taxes are, like in the *Fajardo* case, a debt to the Treasurer which he may collect by attachment and sale, subject to the mortgage and other encumbrances. While in the *Fajardo* case the injunction was denied and in this it is granted, in both the Treasurer is allowed to collect taxes by an auction sale, provided he does not impair a prior lien such as the mortgage.

■ The fourth error is:

"4. Deciding that the plaintiff had a property right."

The appellants argue that a mortgage may become a property right, but is not one until after foreclosure.

Under the laws of Puerto Rico, especially the Mortgage Law, a mortgage, as well as a lease, the use, usufruct, or servitude, are real rights upon immovable property and while not as absolute as the right of ownership in fee simple, are nevertheless rights entitled to the protection of the laws.

The fifth error is:

"5. Deciding that this case is similar to that of *Durlach, Bros. Inc.* v. *Treasurer,* 47 P.R.R. 617 and to that of *Valley City* v. *Kelly,* 162 N.W. 901."

The analogy between this case and that of Durlach, *supra,* has been already mentioned. While it is true that the *Durlach* case can be distinguished from the one at bar, as to the facts, the application that the lower court made of the doctrine exposed in that case was correct. As to the other case, the lower court copied from it the following:

"Appellants also contend that the collection of the personal property taxes in question should not have been enjoined. In support of this proposition our attention is directed to the previous decisions of this court, including the two late decisions, *Bismarck Water Supply Co.* v. *Barnes et al.,* 30 N.D. 555, 153 N.W. 454, L.R.A. 1916 A,

965, and *Merchants' State Bank of Velva* v. *McHenry-County et al.*, 31 N. D. 108, 153 N. W. 386. This case is not within the doctrine of these cases. Here the plaintiff is not the tax debtor, and it is in no way obligated to pay the taxes of its mortgagor, the Westergaard Machinery Company, except as the property mortgaged to it is subjected to the statutory lien. It simply seeks to protect its security from being diminished by sale to pay the taxes of another. There is no reason in the policy that precludes one from enjoining the collection of personal property taxes owing by him that is applicable to a situation such as is presented in this case.

"The plaintiff in this case has tendered all of the taxes that were a lien against the building. The judgment of the district court fully recognizes the right of the county to levy upon the building and it properly concedes that the sale may be made subject to the lien of the plaintiff's mortgage."

It is evident that there is an analogy between that case and the one at bar. The fifth error must be overruled.

Moreover, if the doctrine enunciated is correct the supposed faulty citation of a case would not be error.

The sixth error is:

"6. Rendering judgment for the plaintiff and issuing the writ of injunction prayed for."

There is no need for further discussion. The Treasurer had a duty to separate the taxes for the last three years and the current one from the previous ones. He may hold a tax sale and collect the previous years by selling the property at auction subject to the mortgage, or by proceeding against the Delgado heirs. The decisions of the district court follows the law and the opinions of this court, and does justice to all the parties.

However, a definite term must be fixed within which the plaintiff must deposit in court the amount of the taxes.

The judgment will be modified in the sense of allowing the plaintiff thirty days to pay in court the amount of taxes owing on the current year and the three last years, and so modified, affirmed.

Mr. Chief Justice Del Toro dissented.